Filed 9/17/21  Taft v. Vargas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| ROBERT TAFT JR. et al., | |
| Plaintiffs and Respondents, | E076173 |
| v. | (Super.Ct.No. RIC1902360) |
| BRANDON VARGAS et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Appeal dismissed.

Roger Jon Diamond, for Defendants and Appellants.

No appearance by Plaintiffs and Respondents.

We rarely have cause to apply the principle that a party cannot appeal a favorable ruling.  In this case, however, we do.

Several parties who wanted to operate retail cannabis dispensaries in the City of Jurupa Valley (the City) sued the City and its City Manager, among others.  The trial court issued a grant of declaratory relief finding unconstitutional a particular provision of

the City's municipal code relating to the process for obtaining the "exemptions" necessary for such businesses. It denied the plaintiffs any other relief. The plaintiffs did not appeal the ruling. The City and its City Manager also did not appeal the ruling. Instead, appellants are some of the other individual defendants who *already obtained* exemptions to operate retail cannabis dispensaries in the City, but disagree with the grant of declaratory relief because they believe that the provision at issue is not unconstitutional. The declaration issued by the trial court does not, however, take away their exemptions or otherwise affect their rights. We have no jurisdiction to hear an appeal in the absence of any party that is aggrieved by the judgment. (Code Civ. Proc., § 902.) We therefore dismiss this appeal.

## I. FACTS[1]

The City's municipal code generally bans "commercial cannabis activity." (City of Jurupa Valley Municipal Code (MC), § 11.28.010 et seq.) In November 2018, however, voters in the City approved an initiative (Measure L) that added to the municipal code a new Chapter 11.45, which created exemptions from the ban and thereby allowed some cannabis related businesses. As relevant here, Measure L allows for a limited number of exemptions for retail cannabis dispensaries to be issued—one per

---

[1] We obtain the facts in part from the trial court's order granting declaratory relief to the petitioners, which cites to an administrative record created as to Measure L. That administrative record does not appear in our record on appeal; appellants' counsel explains in briefing that he failed in his attempts to obtain a copy. However, for purposes of this appeal, appellants state that they are accepting the facts as described by the trial court.

2

15,000 residents of the City; with the City's current population, there could be a maximum of seven such exemptions.  (MC § 11.45.030(5).)

Applications for exemptions under Measure L are divided into two categories:  (1) priority (MC § 11.45.040) and (2) non-priority (MC § 11.45.050).  The requirements for priority and non-priority applications are largely the same—payment of an application fee, listing the location of the proposed business, and so on.  (See MC §§ 11.45.040(B), 11.45.050(B).)  The difference, however, is that a priority application requires "an original, or certified copy, of the applicant's initial—not amended or restated—statement by unincorporated association, that specifically contains the following language: 'commercial cannabis' or 'commercial marijuana,' which contained those exact words at the time such statement by unincorporated association was filed with the California Secretary of State, and that was file-stamped by the California Secretary of State on or before the date of September 1, 2016."  (MC § 11.45.040(B)(4).)  Any applicant that cannot include such a document, for example, because they did not exist as of September 1, 2016, or because their statement filed with the Secretary of State does not include the required language, can complete only a non-priority application.

The benefit of completing a priority application is, as the name suggests, the opportunity to be first in line for one of the seven available exemptions.  The City Clerk must process both priority and non-priority applications in the order received.  (MC §§ 11.45.040(C), 11.45.050(C).)  The City Clerk could accept priority applications, however, during a 15-day period that began 31 calendar days following the date of the

3

enactment of Chapter 11.45. (MC § 11.45.040(C).) The City Clerk was not authorized to accept nonpriority applications until 100 days after the enactment of Chapter 11.45. (MC § 11.45.050(C).) This timeline allowed for even a priority application initially deemed incomplete to be amended and approved before any nonpriority application could be submitted at all. (See MC §§ 11.45.040(K)(2), (L)-(O).) Any application (whether priority or non-priority) submitted after the maximum number of exemptions was reached is "deemed incomplete." (MC §§ 11.45.040(F); 11.45.050(D).)

The City received and approved six priority applications for exemptions to operate a retail cannabis dispensary. Plaintiff and respondent Robert Taft, Jr.'s priority application was denied, apparently because he could not satisfy the requirement of including the statement filed with the California Secretary of State by September 1, 2016, described in MC section 11.45.040(B)(4). He then sought an exemption under the non-priority provisions of Chapter 11.45, but was denied because the maximum number of exemptions had already been reached. Plaintiff and respondent Central Franchise Group "intended" to submit a priority application, but was similarly "precluded" from completing it.

Plaintiffs sued the City and its City Manager, filing a "Petition for Writ of Mandate" (petition) in April 2019. An amended petition added additional defendants, including the six individuals who had filed priority applications, as well as the entities on

behalf of which they filed the applications.[2] Although the petition raised a number of issues, the plaintiffs' briefing argued only that Measure L violated equal protection principles by discriminating in favor of the "preselected limited group of entities that neatly fall within the Statement by Unincorporated Association requirements" described in MC section 11.45.040(B)(4). The City and its City Manager filed an opposition brief contesting that issue, but the remaining defendants did not.[3]

The trial court concluded that MC section 11.45.040(B)(4) was unconstitutional, issuing a declaration that it violated equal protection principles under even rational basis review. It found, however, that the declaration was the only appropriate remedy, ruling that the petition "is granted to declare MC § 11.45.040(B)(4) unconstitutional and denied as to other requested relief."[4]

---

[2] The amended petition also named the California Bureau of Cannabis Control as a defendant.

[3] The City also filed a cross-complaint seeking a declaration that "the priority application provisions of Measure L and the City's implementation of Measure L have been and are lawful, valid, and consistent with state and federal laws, the Constitution, and the City's General Plan and Municipal Code."

[4] Petitioners had requested (1) a writ of mandate "commanding [the City and the City Manager] to immediately perform their duty to see that all laws are faithfully executed and to suffer no ordinance, including Measure 'L' to be implemented that establishes an impermissible limitation on the number of priority applications and on the number of overall permits to be issued to a total of seven (7), and/or that is not consistent with the City's General Plan"; (2) a "peremptory writ of prohibition . . . commanding [the City and the City Manager] to cease, desist and refrain from taking any further actions or proceedings to continue to implement Measure 'L'..."; (3) a "peremptory writ of prohibition . . . invalidating Section 11.45.040 of the City of Jurupa Valley Municipal

*[footnote continued on next page]*

Plaintiffs did not appeal the judgment, and neither did the City or the City Manager. This appeal was filed by five of the six individual defendants who had applied for and received exemptions for retail cannabis dispensaries in the City pursuant to the priority application procedures.[5] The only briefing we received in this appeal was the appellants' opening brief; no respondent's brief was filed.

## II. DISCUSSION

Appellants contend that the judgment is erroneous because MC section 11.45.040(B)(4) does not violate constitutional equal protection principles in requiring for priority applications the statement filed with the California Secretary of State by September 1, 2016, described in MC section 11.45.040(B)(4). We do not address the merits of this contention because the appellants lack standing to attack a judgment that is effectively in their favor.

"In a mandamus proceeding, just as in a civil action, '[a]ny party aggrieved may appeal' from the final judgment." (*El Dorado Irrigation Dist. V. State Water Resources Control Bd.* (2006) 142 Cal.App.4th 937, 977 (*El Dorado*); see Code Civ. Proc., §§ 902, 904.1, subd. (a)(1), 1109.) "'One is considered "aggrieved" whose rights or interests are injuriously affected *by the judgment*.' [Citation.] Conversely, 'a party who is not

Code"; (4)-(5) attorney fees and costs; and (6) any "other relief as may be just and proper."

[5] Those defendants, also appellants here, are Michael Lee, Christopher Henry, Brandon Vargas, Scott Hewitt, and Wesley Klein. Although the entities associated with these individuals were named as defendants in the amended petition, the notice of appeal was filed on behalf of only the five individuals.

aggrieved by an order or judgment has no standing to attack it on appeal.'" (*El Dorado*, *supra*, 142 Cal.App.4th at p. 977.) In this context, a party is aggrieved if an order or judgment "'injuriously affect[s]' its rights or interests." (*Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 115.) The appellant's "interest '"must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment."'" (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737.) "[N]otwithstanding an appealable judgment or order, '[a]n appeal may be taken only by a party who has standing to appeal.'" (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67; see also *Estrada v. RPS, Inc.* (2005) 125 Cal.App.4th 976, 985 ["[A] party cannot assert error that injuriously affected only nonappealing coparties"].) This standing requirement "is jurisdictional" and thus "cannot be waived." (*Conservatorship of Gregory D.*, *supra*, 214 Cal.App.4th at p. 67.)

The trial court's grant of declaratory relief does not disturb the City's approval of any exemptions pursuant to the priority application process, including those granted to appellants. It has no effect on appellants' rights or interests in operating their businesses as allowed by their exemptions. Other relief sought by the plaintiffs that conceivably could have injuriously affected appellants was denied by the trial court. Thus, the judgment was, in effect, in *appellants'* favor, to the extent it affects their interests at all.

Moreover, as noted, the period for submitting any priority applications for exemptions was only 15 days, beginning 31 days following the date of enactment of MC Chapter 11.45. (MC § 11.45.040(C), (D).) Thus, if additional exemptions become

available in the future—whether because the population of Jurupa Valley increases, or because the formula for determining how many exemptions may issue is changed—applications for any such new exemptions would be pursuant to the non-priority provisions that are unaffected by the judgment.[6]

Appellants have not articulated in briefing, and we do not discern in the record, *any* manner in which appellants' rights or interests are adversely affected by the judgment, let alone an injury that is "immediate, pecuniary, and substantial," rather than "nominal" or "remote." (*County of Alameda*, *supra*, 5 Cal.3d at p. 737.) Appellants therefore lack standing to assert any claim of error. Since no party with standing has appealed, we have no jurisdiction to consider whether the judgment was correct.

### III. DISPOSITION

The appeal is dismissed. The parties shall bear their own costs on appeal, as respondents prevailed without filing any briefing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL

J.

We concur:

SLOUGH

Acting P. J.

MENETREZ

J.

---

[6] Similarly, transfer of any already-issued exemptions involves an application process based on the procedures for amending non-priority applications described in MC section 11.45.050. (See MC § 11.45.070.)

8